UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                                        Plaintiff,

                                                            **DECISION AND ORDER**
            v.                                               19-CR-144-A

TIMOTHY L. MULVEY,

                                        Defendant.
_____

        Before the Court is Defendant Timothy L. Mulvey's pro se motion to dismiss

the indictment in the above-captioned case. (Dkt. No. 197). The Government

opposed the motion (Dkt. No. 201), and Defendant replied (Dkt No. 203). For the

reasons set forth below, the motion is **DENIED**.

    I.      **BACKGROUND**

        On July 10, 2019, the Defendant was charged in a six-count Indictment. Dkt.

No. 1. On July 15, 2019, a United States Magistrate Judge sitting in the Western

District of New York, issued a Writ of Habeas Corpus Ad Prosequendum directing

that Defendant, who was incarcerated in New York state, be taken into custody and

brought before the Court for arraignment at 2:00 p.m., on July 18, 2019. Dkt. No. 3.

At Defendant's July 18, 2019, arraignment on that indictment, the Government

requested that the Defendant— who was serving a sentence on for a New York

State parole violation and who was scheduled to be released from New York state

custody on July 19, 2019—be detained. Minute Entry on July 18, 2019. Defendant's

attorney asked the Magistrate Judge to order defendant released or to schedule a

detention hearing for the following day. Minute Entry on July 18, 2019. The

Magistrate Judge scheduled a detention hearing for the following day and defendant

was remanded to state custody. *Id*. Defendant's rights under the Interstate

Agreement on Detainers Act (IADA) were not addressed.

On the following day, July 19, 2019, a detention hearing was held, and at the

conclusion of the hearing, the Magistrate Judge ordered the defendant detained and

remanded him to the custody of the U.S. Marshals. Minute Entry on July 19, 2019.

Following Defendant's arraignment on a Superseding Indictment, a

scheduling order was ultimately put in place which provided, *inter alia*, that "[a]ny

motion identified in Rule 12(b)(3) that is not filed by the deadline set for filing pretrial

motions will be denied as untimely, unless accompanied by a showing of 'good

cause'." Dkt. No. 34. The defendant filed pretrial motions in May and June of 2020,

Dkt. Nos. 41, 45, and the Government timely responded. Dkt. No. 51. Defendant did

not file any motions relating to the IADA.

On or about May 20, 2021, the Defendant, pursuant to a written plea

agreement with the Government, entered pleas of guilty to Counts 1 and 4 of the

Superseding Indictment, which charged two violations of Title 18, United States

Code, Section 2113(a) (aggravated bank robbery). Dkt. No. 107; Minute Entry on

May 20, 2021. On or about July 28, 2022, this Court sentenced the Defendant, at

the low-end of the applicable range, principally to the custody of the Bureau of

Prisons for a term of 77 months on each of Counts 1 and 4 to run concurrently. Dkt.

No. 185. The sentence imposed represented a downward variance from the

otherwise applicable Guidelines range and was less than that for which the

Defendant, in his plea agreement, agreed to waive his right to appeal.  Dkt. No. 107. Defendant did not appeal his conviction or sentence.

On September 7, 2023, the Defendant filed the instant *nunc pro tunc* motion to dismiss the indictment for a violation of the IADA. Dkt. No. 197. Specifically, Defendant maintains that the Magistrate Judge violated the IADA when Defendant after arraignment was remanded back to state custody for one night on July 18, 2019, in anticipation of his detention hearing which was held the next day, July 19, 2019.[1]

## II.    ANALYSIS

The IAD is a compact that enables participating States, including the United States, to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges. *Reed v. Farley*, 512 U.S. 339, 341, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994). As pertinent here, the anti-shuttling provisions of the IAD are triggered when an inmate is imprisoned in one state (the "sending state"), and another jurisdiction (the "receiving state") utilizes a detainer to obtain custody of the individual for proceedings on outstanding charges. 18 U.S.C.App. 2 § 2, Arts. II & IV(a).

 If the United States files a detainer under the IAD, it is subject to the requirements of the IAD. *United States v. Crozier*, 259 F.3d 503, 513 (6th Cir.2001). However, the United States is not required to file a detainer under the IAD in order to

---

[1] As reflected in the Minute Entry of July 18, 2019, the Magistrate Judge did so with knowledge that Defendant was scheduled to be released from New York state custody on July 19, 2019. Following the July 19, 2019, detention hearing, defendant was remanded to federal custody where he has remained ever since.

obtain custody over a state prisoner. *Id*. The United States may rely on the statutory authority of federal courts to issue writs of habeas corpus ad prosequendum to secure the presence at trial of federal defendants who are in state custody. *Id*. (citing *United States v. Mauro*, 436 U.S. 340, 357-58, 98 S.Ct. 1834, 56 L.Ed.2d 329,(1978)). Indeed, "a writ of habeas corpus ad prosequendum is not a detainer for purposes of the [IAD]." *Id*. at 361.  Because it appears that here Defendant was temporarily transferred to federal custody via a writ of habeas corpus ad prosequendum, and not pursuant to a detainer, the IAD does not apply.  *See, Nettles v. Newaygo Cty. Jail*, No. 1:21-CV-997, 2021 WL 5772315, at *4 (W.D. Mich. Dec. 6, 2021) ("When the United States obtains a state prisoner by means of a writ of habeas corpus ad prosequendum—and does not also file a detainer—the provisions of the IAD simply do not apply.") (citing *Mauro*). Indeed, based on the record before this Court, it appears that Defendant was temporarily transferred to federal custody via a writ of habeas corpus ad prosequendum, and not pursuant to a detainer.  Consequently, the IAD does not apply. *See generally, United States v. Cox*, 42 F. App'x 635, 637 (4th Cir. 2002) (where defendant claiming IAD violation "provide[d] no evidence that there was a detainer placed on him by federal authorities[,]" Court held defendant "cannot show any error, let alone plain error.").

Nevertheless, even assuming *arguendo* that a detainer was filed and that the anti-shuttling provisions of the IAD applied to Defendant and were violated by the defendant's less-than-a-day return to state custody for one night on July 18, 2019, defendant waived his right to raise such claim by virtue of his guilty pleas.

An unconditional guilty plea waives all claims and defenses except jurisdictional ones. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (holding that when a defendant unconditionally pleads guilty, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"). "The cases are legion that '[a] plea of guilty to an indictment is an admission of guilt and a waiver of all non-jurisdictional defects.'" *United States v. Jackson*, No. 21-2344, 2023 WL 6629582, at *1 (2d Cir. Oct. 12, 2023) (citing *United States v. Doyle*, 348 F.2d 715, 718 (2d Cir. 1965) (internal citation omitted); *see also United States v. Bastian*, 770 F.3d 212, 217 (2d Cir. 2014) (citing *United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003)).

Those circuits considering the issue have held that claims of IAD violations are not jurisdictional; and, therefore, are waived by the entry of an unconditional guilty plea. *Baxter v. United States*, 966 F.2d 387, 389 (8th Cir.1992) ("By pleading guilty, Baxter waived his right to assert IADA violations."); *United States v. Fulford*, 825 F.2d 3, 10 (3rd Cir.1987) ("entry of a guilty plea acts as a waiver of the provisions of the IADA"); *Kowalak v. United States*, 645 F.2d 534, 537 (6th Cir.1981) (IAD rights are non-jurisdictional and waivable by a valid guilty plea); *Camp v. United States*, 587 F.2d 397, 399–400 (8th Cir. 1978) (rejecting defendant's argument that the IAD is jurisdictional). As the Court explained in *Camp*, the IAD does not go to the power of the court to try a case; but, rather, it deals with the power of the prosecution to proceed against a person charged with a criminal offense. 587 F.2d at 399 n. 4.

The Second Circuit has not explicitly ruled on whether an unconditional guilty plea waives all claims under the IAD, but it has held that an unconditional guilty plea waives other types of challenges to the charges against a defendant, including those made pursuant to the Speedy Trial Act and the statute of limitations. *See, United States v. Coffin*, 76 F.3d 494, 496–97 (2d Cir. 1996) ("A knowing and voluntary guilty plea waives all nonjurisdictional defects in the prior proceedings," including a claimed speedy trial violation, "unless the defendant specifically reserves the right to appeal" the issue in writing, having obtained "approval of the court and the consent of the government."); *United States v. Hsu*, 669 F.3d 112, 117–18 (2d Cir. 2012)("[i]t is well settled that a defendant's plea of guilty admits all of the elements of a formal criminal charge, and, in the absence of a court-approved reservation of issues for appeal, waives all challenges to the prosecution except those going to the court's jurisdiction. It is also well established that "the running of the limitations period does not defeat jurisdiction." [citations and quotations omitted]).

Claimed violations of the Speedy Trial Act are especially analogous to claimed violations of the IAD's "anti-shuttling" provision because both statutes call for dismissal of the charges against a defendant if he is not tried within a prescribed time period. See 18 U.S.C. § 3162(a)(2) ("If a defendant is not brought to trial within the time limit required ... the information or indictment shall be dismissed on motion of the defendant."). Accordingly, there is no reason to believe that the Second Circuit would part company with its sister circuits that have held that IAD violations are not jurisdictional. *See e.g.*, *Reilly v. Warden, FCI Petersburg*, 947 F.2d 43, 44 (2d Cir.

6

1991) (holding that violations of the IAD are not cognizable in a collateral attack under Section 2255); *Edwards v. United States,* 564 F.2d 652 (2d Cir. 1977) (same).

## III.   CONCLUSION

Accordingly, Defendant's motion to dismiss the indictment is **DENIED**.

**IT IS SO ORDERED.**

           *s/Richard J. Arcara*
           HONORABLE RICHARD J. ARCARA
           UNITED STATES DISTRICT COURT

Dated:  January 10, 2024
         Buffalo, New York